IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DANIEL LANER ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-1046-CV-W-HFS |
| | ) | |
| DAVID RICH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case involves a jail inmate's complaint about dental treatment by a dentist under contract with Lafayette County. Neither party has a lawyer. A jury demand was checked in the original filing but presumably was based on a supposition that plaintiff would have a trial attorney.

The status of the case has been reviewed, because it is ripe for trial. For reasons stated below, unless there are objections, I shall schedule the case for trial by a judge, not a jury. If requested I will transfer the case for trial to one of the three magistrate judges stationed in Kansas City. This would allow a simple one-day trial before an unbiased decision-maker. I am prepared to hear the parties and decide the case if a transfer is not requested. This could be done somewhat informally, without lawyers.

\*\*\*\*\*\*\*\*

A claim of dental malpractice is not within this court's original jurisdiction. The court does have jurisdiction to try claims of violations of constitutional rights. The county and its agent, the defendant dentist, cannot impose "cruel and unusual punishment", which includes "deliberate indifference" to serious medical needs. Only a State Law claim can be made for negligence,

including medical malpractice, even if "gross negligence" is alleged.[1]  The constitutional test is a showing of intentional or reckless infliction of serious pain or injury, subject to analysis in the criminal law sense.  Farmer v. Brennan, 511 U.S. 825, 837-40 (1994).

The only claim asserted that might qualify for successful constitutional law assertion would be the dentist's alleged withholding of pain-killing medication during oral surgery.  That would be the issue to be tried.

In his answer to the complaint defendant states that he twice administered anesthetics or other appropriate numbing medication before engaging in a difficult extraction of a tooth.  If he did so, and was not alerted to the ineffectiveness of the medication, the plaintiff will lose this case.  Plaintiff may, however, still sue for dental malpractice in State Court, if he so wishes and if his claim is still timely.

Plaintiff's contentions are not entirely clear, but I must give his claim a favorable reading because he is not represented by counsel.  Either plaintiff or jailer witness may testify to facts that would tend to show that defendant did know plaintiff was not protected against pain during extraction of the tooth or was so strongly alerted to the great danger of pain that he must have known that further action was necessary to protect plaintiff against great suffering during the extraction of the tooth.

Defendant's written denial creates a contested issue for trial.

---

[1] I could accept supplemental jurisdiction over the State Law malpractice claim but will not do so because it would greatly complicate the issues to be tried, would probably require expert testimony, and would also probably cause me to try to recruit a lawyer for plaintiff.  The case as described below can, in my judgement, be presented by both parties without lawyers, although lawyers would be desirable.  I note that plaintiff writes up his claim adequately and shows some understanding of the legal principles.  For instance he cites the leading case allowing a constitutional claim against a doctor or dentist.  West v. Atkins, 487 U.S. 42 (1988).

It is therefore ORDERED that (1) within 14 days of the filing of this order either party may file a renewed demand for a jury or an objection to trial by a judge, and (2) within 14 days of the filing of this order either party may file a request for transfer of the case for trial by a magistrate judge.[2]

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

August 21, 2006

Kansas City, Missouri

---

[2] Copies of all filings must be sent to the other side, as well as to the clerk, with an identifying case number.

3